848 P.2d 301

STATE of Arizona, ex rel., Robert L. CORBIN, The Attorney General; US West NewVector Group, Inc., a Colorado corporation; Citizens Utilities Company, a Delaware corporation; Phelps Dodge Corporation, a New York corporation; Morenci Water & Electric Company, an Arizona corporation; AJO Improvement Company, an Arizona corporation; Alltel Corporation, a Delaware corporation; CP National Corporation, a California corporation; Great Southwest Telephone Company, a Texas corporation; Navajo Communications Company, Inc., a New Mexico corporation; Southern Union Company, an Arizona corporation; Pinnacle West Capital Corporation, an Arizona corporation; Arizona Sierra Utility Company; First National Utilities, Inc.; Bella Vista Water Company; Granite Oaks Water Users Association; Water Utility of Greater Tonopah; Water Utility of Greater Buckeye; West Valley Utility Water Combine; the Mountain States Telephone and Telegraph Company, doing business as US West Communications; Tucson Electric Power Company; Arizona Public Service Company; Southwest Gas Corporation, Plaintiffs–Appellees,

v.

ARIZONA CORPORATION COMMISSION, and Renz D. Jennings, Marcia Weeks; and Dale H. Morgan, as members thereof, Defendants-Appellants.

No. 2 CA–CV 92–0052.

Court of Appeals of Arizona, Division 2, Department A.

May 29, 1992.

As Corrected June 3, 1992.

Reconsideration Denied July 16, 1992.

Review Denied April 13, 1993.

Grant Woods, Atty. Gen. by Charles S. Pierson, Phoenix, for plaintiffs/appellees State of Ariz.

Johnston, Maynard, Grant & Parker by Michael M. Grant, Phoenix, for plaintiffs/appellees US West and NewVector Group, Inc.

Beus, Gilbert & Morrill by Leo R. Beus, Susan Plimpton Segal and Scott D. Larmore, Phoenix, for plaintiffs/appellees Pinnacle West Capital Corp.

Martinez & Curtis, P.C. by James M. Flenner, Phoenix, for plaintiffs/appellees Arizona Sierra Utility Co., First Nat. Utilities, Inc., Bella Vista Water Co., Granite Oaks Water Users Ass'n., Water Utility of Greater Buckeye and West Valley Utility Water Combine.

Fennemore Craig, P.C. by C. Webb Crockett, Timothy Berg, Steven M. Banzhaf and Dennis R. Nelson, Phoenix, for plaintiffs/appellees Mountain States Tel. and Tel. Co. d/b/a US West Communications and Tucson Elec. Power Co.

Snell & Wilmer by Steven M. Wheeler, Phoenix, for plaintiff/appellee Arizona Public Service Co.

Brown & Bain by Lex J. Smith and Terrence W. Thompson, Phoenix, for plaintiffs/appellees Citizen Utilities Co., Phelps Dodge Corp., Morenci Water & Elec. Co., Ajo Imp. Co., ALLTEL Corp., CP Nat. Corp., Great Southwest Telephone Co., Inc. and Southern Union Co.

Andrew Bettwy, Las Vegas, NV, for plaintiff/appellee Southwest Gas Corp.

Arizona Corp. Com'n by Janet Wagner and Janice M. Alward, Phoenix, for defendants/appellants.

## OPINION

HOWARD, Judge.

After a public hearing the corporation commission, on March 14, 1990, promulgated A.A.C. R14–2–801 through R14–2–806 in Commission Decision No. 56844 (the "order"). These rules regulate the formation of holding companies by public service corporations, govern the ability of public service corporations to invest in business activities that may pose a risk to the utility's ratepayers, and regulate transactions between public service corporations and their affiliates. The second paragraph of the "order" stated: "[T]he rules adopted herein shall become effective upon filing with the Office of the Secretary of State pursuant to A.R.S. § 41–1032 or 90 days after the submission of the rules to the Attorney General, whichever is earlier."

The state and a number of utilities challenged the rule in the superior court on the ground that the above quoted paragraph would allow the rules to become effective even if not approved by the attorney general as required by A.R.S. § 41–1041(A), a provision of the Administrative Procedure Act (APA). The trial court subsequently found that the paragraph at issue was unlawful and that the proposed rules could not become effective until they were certified by the attorney general.

While this appeal was pending, the commission, without waiving the APA issues on appeal, requested that the attorney general proceed with the certification process notwithstanding the appeal. The proposed rules were submitted to the attorney general for certification pursuant to A.R.S. § 41–1041(D) and the attorney general, after studying the rules, informed the commission that he would not certify because they were not within the commission's power to adopt. See A.R.S. § 41–1041(A)(3).

The commission then filed a special action in the Arizona Supreme Court challenging the attorney general's refusal to certify. The result of this special action is *Arizona Corporation Commission v. State of Arizona*, 171 Ariz. 286, 830 P.2d 807 (1992), where the court held that the proposed rules were within the ratemaking powers of the commission and ordered the attorney general to certify them. In footnote 3 of this decision the supreme court noted that the instant appeal was pending in this court but it did not purport to decide the issue which we now have before us, which is whether the corporation commission must submit its ratemaking rules to the attorney general for certification pursuant to A.R.S. § 41–1041. We hold that it need not.

■■■ At oral argument the state contended that this appeal should be dismissed as moot because of the decision in *Arizona Corporation Commission v. State of Arizona, supra*. We do not agree. The court of appeals will determine issues in a moot case where the case presents issues of great public importance or issues likely to be faced again. *Fiesta Mall Venture v. Mecham Recall Committee*, 159 Ariz. 371, 767 P.2d 719 (App.1988). At oral argument the state represented that it would continue to challenge corporation commission ratemaking rules that have not been submitted to the attorney general for certification.

■■■ The Arizona Constitution and Arizona precedent established the corporation commission as a separate, popularly-elected branch of the state government. Ariz. Const. art. 15, § 1. The broad power of the corporation commission is established by art. 15, § 3:

The Corporation Commission shall have *full power to*, and *shall, prescribe* just and reasonable *classifications* to be used and just and reasonable *rates* and *charges* to be made and collected, by public service corporations within the State for service rendered therein, and make *reasonable rules, regulations, and orders, by which such corporations shall be governed in the transaction of business within the State*, and may prescribe the forms of contracts and the systems of keeping accounts to be used by such corporations in transacting such business, *and make and enforce reasonable rules, regulations, and orders for the convenience, comfort, and safety, and the preservation of the health, of the employees and patrons of such corporations;* Provided, that incorporated cities and towns may be authorized by law to exercise supervision over public service corporations doing business therein, including the regulation of rates and charges to be made and collected by such corporations; Provided further, that classifications, rates, charges, rules, regulations, orders, and forms or systems prescribed or made by said Corporation Commission may from time to time be amended or repealed by such Commission.

(Emphasis added.)

As noted in *Arizona Corporation Commission v. State of Arizona, supra*, the foregoing constitutional provision gives the commission judicial, executive and legislative powers. It exercises its executive, administrative function in adopting rules and regulations, its judicial jurisdiction in adjudicating grievances, and its legislative power in ratemaking. The commission's power goes beyond strictly setting rates and extends to enactment of the rules and regulations that are reasonably necessary steps in ratemaking. *Ethington v. Wright*, 66 Ariz. 382, 189 P.2d 209 (1948). The commission has the *exclusive* power to exercise the duties given it in art. 15, § 3. *State v.*

*Tucson Gas, Electric Light and Power Co.,* 15 Ariz. 294, 138 P. 781 (1914).

Therefore, we proceed to the merits of this case. Ariz. Const. art. 15, § 6 contains the only powers that the legislature has relative to the corporation commission:

> The law-making power may enlarge the powers and extend the duties of the Corporation Commission, and may prescribe rules and regulations *to govern proceedings instituted by and before it;* but, until such rules and regulations are provided by law, the Commission may make rules and regulations to govern such proceedings.

(Emphasis added.) Thus, the legislature can enact rules of practice and procedure governing the initiation and conduct of the proceedings before the commission.[1] Examination of A.R.S. § 41–1041 discloses that it is not a rule governing the proceedings before the commission. It states:

> **Rule approval and certification by attorney general; withdrawal of rule**
>
> **A.** A rule adopted by an agency is subject to review and certification by the attorney general. The attorney general shall review and certify that the proposed rule is:
>
> 1. Approved as to form.
>
> 2. Clear, concise and understandable.
>
> 3. Within the power of the agency to adopt and within the legislature standards enacted.
>
> 4. Adopted in compliance with the appropriate procedures.
>
> **B.** In addition to considering the factors stated in subsection A of this section, if an agency adopts a rule pursuant to § 41–1026, the attorney general shall review the facts surrounding the adoption of the rule as an emergency measure and certify that the requisite conditions constituting an emergency as provided in § 41–1026 in fact exist so as to warrant adoption, repeal or amendment of the rule without compliance with the notice provisions prescribed in § 41–1022.
>
> **C.** Within ninety days of receipt of the rule the certification of the attorney general shall be endorsed on the original and two copies of the rule. Following certification of a rule the attorney general shall file the original and two copies of the rule and the concise explanatory statement directly with the secretary of state.
>
> **D.** If the attorney general determines that the rule does not comply with subsection A of this section or if the rule is adopted as an emergency measure and does not comply with subsections A and B of this section, he shall endorse his rejection of certification on each copy of the rule, state the reasons for rejection of certification and return the copies of the rule and the statement of reasons for rejection to the agency that proposed the rule within ninety days after his receipt of the proposed rule.
>
> **E.** An agency may withdraw a proposed rule at any time before its adoption. Notice of the withdrawal shall be published in the register. To adopt a proposed rule after it is withdrawn and the withdrawal is published in the register, the agency must file a notice with the secretary of state as provided in § 41–1022.

Added by Laws 1986, Ch. 232, § 5, effective January 1, 1987.

The statute provides for a review of the results of the proceedings before the commission and gives the attorney general the power to reject the commission's ratemaking rules. Article 15, § 6 does not give the legislature the power to enact laws giving the executive branch the authority to review and reject such rules. The form of the proposed rule, its language, the authority of the commission to adopt the rule and whether or not it was adopted in compliance with appropriate procedures is within the sole and exclusive jurisdiction of the corporation commission, subject, of course, to judicial review.

The judgment of the trial court is reversed and the case is remanded to the trial court with directions to enter judgment in favor of the corporation commission.

LACAGNINA, P.J., concurs.

---

**1.** See e.g., the Rules of Practice and Procedure of the corporation commission, Rules 14–3–101 through 14–3–219.

**220**

**LIVERMORE, Chief Judge, dissenting.**

If A.R.S. § 41–1041 is viewed as a veto power by the attorney general over corporation commission action, it is, as the majority contends, unconstitutional. If, on the other hand, attorney general certification is viewed only as determining what mechanism of judicial review will be undertaken, it is procedural. For pragmatic reasons, I would choose the latter characterization. First, the APA, by its terms, "creates only procedural rights." A.R.S. § 41–1002(B). Second, all that turns on attorney general certification or refusal to certify is whether the propriety of commission action will be tested by a mandamus action brought by the commission or by other means of judicial review sought by affected public service companies. The APA is a coherent set of rules to guide agency action. It should not be eviscerated by creating a subset of instances in which it is not applicable. Nor should parties be encouraged to waste resources on determining what method of judicial review is appropriate, litigating where to litigate.